KOLMAN ELY, P.C.
By: W. Charles Sipio, Esquire
Attorney ID #: 026602012
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERENCE HARRIS**<br><br>*Plaintiff,*<br><br>vs.<br><br>**STAGE STORES, INC. t/d/b/a PEEBLES**<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant, his former employer, for unlawful discrimination and retaliation in violation of federal and state law.

## PARTIES

2. Plaintiff is an individual resident of the State of New Jersey residing at 106 East Richmond Avenue Diamond Beach, NJ 08260.

3. Defendant Stage Stores, Inc. ("Defendant") is a Delaware corporation that operates and does business in the State of New Jersey.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of the New Jersey Law Against Discrimination.

## JURISDICTION and VENUE

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the District of New Jersey may exercise diversity jurisdiction over the instant action pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the matter in controversy exceeds $75,000.00.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the District of New Jersey at the time of the illegal actions set forth herein).

## FACTUAL BACKGROUND

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff began working at Defendant's "Peebles" department store in Rio Grande, NJ in or around July 2015.

13. Almost from the beginning of his employment, Plaintiff was harassed by an assistant manager named Meranne.

14. Plaintiff was so stunned by the harassment that he complained to Bill, the manager about the harassment immediately.

15. Bill took no action and Plaintiff's hours were suddenly decreased.

16. By early October 2015, Plaintiff's hours decreased by 2 hours a day for no apparent reason.

17. A sign on the store door invited individuals to apply for a job during the Christmas season yet Plaintiff lost two hours per shift.

18. No reason was ever offered for Plaintiff's loss of hours and income.

19. The harassment by Meranne continued and Plaintiff requested a December 2015 meeting with Bill in his office.

20. Once again, Plaintiff informed Bill of the harassment from Meranne and he did nothing.

21. In or around early January 2016, Bill finally held a meeting where Meranne and Plaintiff confronted issues.

22. During the course of this meeting, it became apparent that Meranne was making up vicious lies about the Plaintiff.

23. The next day, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") as the first thing in the morning since Bill had done absolutely nothing to stop the harassment.

24. In or around April 2016, the EEOC sent Plaintiff a "Right to Sue" letter.

25. Under federal rules, Plaintiff would have had ninety ("90") days from the receipt of the right to sue letter to file an action against Defendant in an appropriate federal district court.

26. The store was informed of the "Right to Sue" letter.

27. Around the time Defendant received Plaintiff's "Right to Sue" letter from the EEOC, his hours were slashed in retaliation.

28. Plaintiff elected not to file suit with his "Right to Sue" letter in federal court.

29. Plaintiff's original four ("4") day a week job became drastically and dramatically reduced to two ("2") days and four ("4") hours a day.

30. Bill offered no explanation for Plaintiff's loss in hours and income.

31. In addition to contacting the EEOC, Plaintiff mailed two letters to the Human Resources ("HR") department of Defendant relating to his workplace harassment experiences in 2016.

32. Plaintiff made a phone call to the HR department as well.

33. The HR department never responded to Plaintiff's letters or phone call during 2016.

34. Harassment of Plaintiff continued into 2017 and Plaintiff wrote his third letter to the HR department in or around late March or early April 2017.

35. Finally, Plaintiff was contacted immediately by Ms. Allison Riester of the Region 4 HR department.

36. Riester wanted a phone conversation with Plaintiff as soon as possible and one was set up within a day.

37. Plaintiff spoke with Riester for over an hour and a half concerning his workplace harassment experiences.

38. Riester informed Plaintiff that there would be an investigation into his claims.

39. A week or so later, Riester arrived at the Rio Grande store on a Tuesday for a three ("3") day investigation.

40. Plaintiff was the first person that she interviewed and the interview lasted two hours.

41. During that time, Plaintiff related further workplace harassment experiences.

42. On or about Friday, May 19, 2017 while Plaintiff was at work, Bill informs him that he had a call from Riester.

43.	Bill took Plaintiff into his office, closed the door and he spoke to Riester for almost an hour.

44.	Riester claimed that she interviewed management and employees alike during her investigation.

45.	Riester then informed Plaintiff that she was told that he was a "racist" who "profiled people of color."

46.	Plaintiff was shocked, and blurted: "Slander - pure slander!"

47.	The employees that labeled Plaintiff with slanderous allegations did so out of pure retaliation for him engaging in protected activity by complaining to HR and the EEOC.

48.	By November 2017, the work environment became so intolerable that any reasonable person would have felt compelled to resign insofar as he was falsely accused of racism and his hours were slashed to the point where it was no longer tenable for him to remain employed at the store.

49.	On or about November 3, 2017, Plaintiff was constructively discharged when he tendered his resignation with the Defendant.

## COUNT I
### New Jersey Law Against Discrimination ("NJLAD")
*Retaliation*

50. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

51. The New Jersey Law Against Discrimination (N.J.S.A. 10:5-12) (LAD) makes it unlawful to subject people to differential treatment based on race, creed, color, national origin, nationality, ancestry, age, sex (including pregnancy), familial status, marital status, domestic partnership or civil union status, affectional or sexual orientation, gender identity or expression, atypical hereditary cellular or blood trait, genetic information, liability for military service, and mental or physical disability, perceived disability, and AIDS and HIV status.

52. Plaintiff was subjected to unlawful retaliation for his engagement in protected activity.

53. Plaintiff has suffered damages as set forth herein.

## COUNT II
### Common Law Defamation / False Light

54. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

55. At all times relevant hereto, Defendant's agents asserted false and defamatory statement concerning Plaintiff, published statement to a third party and the fault amounts to at least to negligence by the publisher.

56. Additionally, and/or alternatively, pursuant to Fed.R.Civ.P. 8(d)(2), Defendant made statements about the plaintiff, to the public, that are and were offensive and those statements were false.

57. Plaintiff has suffered damages as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

    a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

    b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

    c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have

received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN ELY, P.C.**

*/s/ W. Charles Sipio*
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorney for Plaintiff*

Dated: 2/20/2018

12

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, W. Charles Sipio, Esquire, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

                                                           W. Charles Sipio, Esquire

Dated: 2/20/18